UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EZEQUIEL ESPINOSA-JIMENEZ                                MOVANT/DEFENDANT

v.                                                              CRIMINAL ACTION NO. 3:03CR-92-S
                                                                CIVIL ACTION NO. 3:07CV-P-16-S

UNITED STATES OF AMERICA                                 RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the motion pursuant to 28 U.S.C. § 2255 filed by the defendant, Ezequiel Espinosa-Jimenez, to vacate, set aside, or correct the sentence imposed upon him in November of 2004.

The defendant raises two grounds. First, he contends that he received ineffective assistance from his counsel, James A. Earhart, Esq., following entry of his guilty plea. Second, the defendant raises a "*Booker*" issue pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

We will dispose of the defendant's first contention, and refer the second to the magistrate judge for report and recommendation.

On March 11, 2004, the defendant entered into a plea agreement with the United States (DN 43). In paragraph 12 thereof, it is provided that "... complete and truthful cooperation is a material condition of this agreement."

The defendant's sentencing hearing began on June 16, 2004. The proceedings were lengthy, and continued until the next day. At that time, a continuance was granted. Additional sentencing proceedings were conducted on November 9 and November 18. At the conclusion of the

proceedings, the court determined that the defendant had not been fully forthcoming and not fully truthful, and that he was disqualified from receiving acceptance points under the Guidelines and disqualified from the safety valve.

In regard to his first contention, the defendant urges that his counsel provided ineffective assistance by failing to advise him how truthful he should be.

The court believes that the correct question to be asked here of the defendant is: "Just what part of 'complete' and 'truthful' was not understood by the defendant?"

As is obvious from the record, the defendant's sentencing was lengthy and hotly contested. From his counsel, James A. Earhart, Esq., the defendant received not only effective assistance, but superior assistance.

The defendant's contention that he didn't know just how much truth he was supposed to adhere to is both bizarre and unavailing. The defendant cannot promise complete and truthful cooperation, then effectively admit that he did not give it, and then complain that he wasn't told that his cooperation had to be complete and truthful. The drawn-out sentencing proceedings afforded the defendant a more than ample opportunity to get his cooperation with the Government on the right track, but he did not take advantage of these opportunities. Mr. Espinosa-Jimenez's attempt to blame someone other than himself for the results of his actions which led to this court's ultimate ruling on November 18, 2004, are unwarranted and unsupported by the record in this case. If the defendant wants to see the person responsible, he need only look in the mirror.

As to the first ground, the defendant's motion is **DENIED**.

With the respect to the defendant's second ground, this action may be and is hereby **REFERRED** to the magistrate judge for such proceedings as he deems necessary in order to provide

- 3 -

this court a report and recommendation as to the disposition of the motion on the *Booker*-related issue.

       **IT IS SO ORDERED** this

cc:    Counsel of Record
        Ezequiel Espinosa-Jimenez, *pro se*